VOTO DISIDENTE DEL JUEZ
GONZÁLEZ RIVERA
2005 DTA 110
San Juan, Puerto Rico, a 29 de julio de 2005
Con sincero respeto al voto mayoritario de los compañeros jueces que componen este panel, disiento de su dictamen. Mediante el mismo, confirman la sentencia parcial apelada emitida el 2 de marzo de 2005 por el Tribunal de Primera Instancia, Sala de San Juan. A continuación, expongo los fundamentos de mi disenso.
I
La Regla 10.2 de Procedimiento Civil, 32 L.P.R.A., Ap. III, es la que regula el procedimiento a seguir en cuanto a una moción de desestimación presentada antes de haberse efectuado una alegación respondiente. Esta disposición permite al demandado solicitar al tribunal que desestime una demanda en su contra cuando no exponga “una reclamación que justifique la concesión de un remedio”. Sobre el particular, se ha resuelto que a los fines de disponer de una moción de desestimación, estamos obligados a dar por ciertas todas las alegaciones fácticas de la demanda.
Para prevalecer, el promovente de la moción de desestimación tiene que demostrar que la demanda no expone una reclamación que justifique la concesión de un remedio. Esta doctrina aplica a todos los hechos bien *405 alegados y expresados de manera clara y concluyente que, de su faz, no den margen a dudas. Pressure Vessels de P.R. v. Empire Gas, P.R., 137 D.P.R. 497 (1994); Ramos v. Orientalists Rattan Punt. Inc., 130 D.P.R. 712 (1992); Unisys v. Ramallo Brother, 128 D.P.R. 842 (1991).
Frente a una moción para desestimar, la demanda debe ser interpretada lo más liberalmente posible a favor de la parte que la presenta y sus alegaciones deben examinarse de la manera más favorable a ésta. De ese modo, no será desestimada a menos que se desprenda con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos en apoyo de su reclamación. El deber de los tribunales en esta etapa de los procedimientos es considerar si a la luz de la situación más favorable al demandante y resolviendo toda duda a su favor, la demanda es suficiente para constituir una reclamación válida. Unisys v. Ramallo Borhters, Inc., supra.
Para este análisis se debe tomar en cuenta que en el procedimiento civil moderno, las alegaciones sólo tienen una misión: notificar a grandes rasgos cuáles son las reclamaciones y defensas de las partes. Para precisar con exactitud cuáles son los hechos que deberán probarse en juicio, es imprescindible recurrir a los procedimientos para descubrir prueba. Bco. Central Corp. v. Capital Plaza, Inc., 135 D.P.R.760 (1994); Mercado Cintrón v. Zeta Com. Inc., 135 D.P.R. (1994); Sierra v. Tribunal, 81 D.P.R. 554 (1959).
Al examinar las alegaciones de la demanda, concluimos que erró el foro de instancia al declarar, “Con Lugaf' la moción de desestimación formulada por la Ex-Secretaria Anabelle Rodríguez. Si se toman como ciertas las alegaciones de la demanda, a los fines de la Regla 10.2 de Procedimiento Civil, supra, se desprende que el señor Ramos Meléndez, imputa a los co-demandados, todos afiliados al Partido Popular Democrático, haber investigado en forma contraria a la ley, a miembros de la pasada administración de gobierno pertenecientes al Partido Nuevo Progresista. Las alegaciones configuran una supuesta conspiración para privar de sus derechos civiles al demandante durante la etapa investigativa de un caso, que culminó en un referido a la Oficina del Fiscal Especial Independiente.
Igualmente, la demanda contiene alegaciones de “cuadres” de testimonios falsos, celebración ilegal de reuniones secretas, ocultación sistemática e intencional de prueba exculpatoria y discrimen por razón de ideas políticas, entre otras actuaciones culposas. Resulta patente que todas las actuaciones y actos dañosos que se imputan, no son negligentes, sino intencionales, pues envuelven una supuesta conspiración para violar los derechos civiles al demandado. Para este tipo de actuación, no es aplicable la inmunidad concedida al Ministerio Fiscal.
No procede que se desestime la demanda contra la Ex-Secretaria de Justicia bajo el fundamento de que el Fiscal Especial Independiente podida tener acceso a la evidencia exculpatoria en el descubrimiento de prueba. En caso de que así fuera, ello no desvirtuaría la alegación de que tal evidencia fue excluida culposamente y que la Ex-Secretaiia de Justicia tenía conocimiento de ello.
Por otro lado, tampoco justifica la desestimación la ausencia de hechos en los que se ampara el demandante para imputar conocimiento a la Ex-Secretaria de Justicia sobre la exclusión de evidencia exculpatoria. Nuestro derecho procesal civil sólo requiere que una demanda contenga una relación sucinta y sencilla de la reclamación, demostrativa de que el peticionario tiene derecho a un remedio. Véase la Regla 6.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III. A tales efectos, la regla 6.5 dispone, en lo pertinente: “Cada aseveración en una alegación será sencilla, concisa y directa. No se exigen fórmulas técnicas para la redacción de las alegaciones o mociones. ” No se debe perder de su perspectiva que todas las alegaciones se interpretarán con el propósito de hacer justicia. Regla 6.6 de Procedimiento Civil.
El análisis de la mayoría debió limitarse a determinar si a la luz de los hechos alegados en la demanda, procedía desestimar la causa de acción contra la ex-secretaria. Por el contrario, aquí el análisis se basó en la *406 ausencia de hechos que establecieran el conocimiento imputado. En todo caso, sería al demandante al que le correspondería demostrar tales alegaciones con preponderancia de prueba durante el juicio en su fondo.
El error conceptual en que incurre la mayoría de los miembros que componen este panel consiste en prejuzgar los méritos finales de la reclamación del señor Ramos Meléndez. Al así actuar, lo privan de una oportunidad razonable de probar sus alegaciones.
Interpretada la demanda de la forma más liberal a favor de la parte demandante y sin pretender hacer una adjudicación final sobre los méritos de la misma, forzoso es concluir que expone suficientes hechos para justificar la concesión de un remedio a favor del demandante. Ante tal conclusión, resulta improcedente la desestimación parcial a favor de la Ex-Secretaria de Justicia. Por consiguiente, revocaría la sentencia apelada y ordenaría la devolución de este caso al foro de instancia para la continuación de los procedimientos.
Roberto González Rivera
Juez de Apelaciones